```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION

TROY DALE JOHNSTON,¹           §
(TDCJ No. 1399420)             §
VS.                            §   CIVIL ACTION NO.4:09-CV-527-Y
                               §
                               §
JOHN DOE, et al.               §
```

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Troy Dale Johnston's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Johnston has named several defendants and seeks monetary damages for alleged violation of constitutional rights under 42 U.S.C. § 1983, and he seeks relief under state law invoking the Court's supplemental jurisdiction under 28 U.S.C. § 1367. (Compl.; attachment page 1-2.) Johnston, convicted in case number 0994282D of aggravated sexual assault of a child under 14 years, and serving a life sentence of imprisonment imposed on October 12, 2006,[2] names several individual defendants. He names a person associated with the investigation of him by Child Protective Services ("CPS") in Fort Worth, Texas; an attorney who represented Johnston and the attorney's wife and daughter; the foster parents to Johnston's daughters; a sex therapist assigned to

---

[1] Plaintiff Johnston purports to represent his wife and children in this matter. But his wife has not independently signed to represent herself pro-se in this case, and Johnston is not authorized to represent her or the children. *See generally Martin v. City of Alexandria*, 198 Fed. Appx. 344, 346 (5th Cir. July 17, 2006)(quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998)("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause")(emphasis in original)). Thus, Catherine Johnston and the listed children are not parties to this case.

[2] *See* www.tdcj.state.tx.us (Offender information-TDCJ number 01399420) last visited February 8, 2010.

Johnston's case; and two court reporters involved in transcribing state-court proceedings. (Compl.; attachment pages I.) Johnston alleges a series of events commencing with an interview of him by CPS in June 2004, and continuing through October 2006. (Compl.; attachment pages 4-10.) Johnston seeks "justice" for his family, to be reunited with his family, and monetary damages. (Compl.§ VI; attachment page 10.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[3] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[4] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[5] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[6] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal

---

[3] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[4] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[5] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[6] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

theory."[7] After review of the complaint under these standards, the Court concludes that Johnston's claims must be dismissed.

All of Johnston's claims for violation of constitutional rights under 42 U.S.C. § 1983 against all defendants must be dismissed as barred by the statute of limitations. The Supreme Court has held that all § 1983 actions are governed by the statute of limitations for personal-injury actions for the state of suit.[8] In Texas, the applicable limitations period is two years.[9] A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations.[10]

Accrual of a claim under § 1983 is determined by federal law,[11] under which a claim generally accrues when a plaintiff knows or has reason to know of the injury giving rise to the cause of action.[12] Plaintiff recites allegations arising from events starting in June 2004, when he was interviewed by CPS workers, and he complains of

---

[7] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[8] *See Wilson v. Garcia,* 471 U.S. 261, 273-76 (1985)(state statute of limitations period for personal-injury actions applies to all claims under 42 U.S.C. § 1983).

[9] *See Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994)(noting that district courts in Texas must use Texas's general two-year, personal-injury limitations period); *see* TEX. CIV. PRAC. & REM. CODE 16.003(a)(Vernon Supp. 2009) (Texas's two-year, personal-injury limitations statute).

[10] *See Harris v. Hegman,* 198 F.3d 153, 156 (5th Cir. 1999); *see also Moore,* 30 F.3d at 620 (citing *Gartrell V. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993)).

[11] *See Harris,* 198 F.3d at 157; *see also Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989).

[12] *See Harris,* 198 F.3d at 157 (citing *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992) and Burrell, 883 F.2d at 418).

several other actions taken by other defendants as a part of an alleged conspiracy to illegally deprive him of his children throughout 2004, 2005, and concluding at an in-court proceeding in October 2006. (Compl.; attachment pages 2-9.) Upon review of the allegations in this complaint, the Court sees no basis to believe that Johnston did not know or have reason to know of the events giving rise to his claims at the time they were occurring. As Johnston did not file the claims made the basis of this suit until September 8, 2009, the claims recited in his complaint are too late: the applicable two-year statute of limitations already had expired prior to the time Johnston filed suit. As all claims for relief under federal law are barred by the applicable statute of limitation, they must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b)(i) and (ii).

In addition to the assertion of federal constitutional claims, Plaintiff also asserts state-law claims. (Compl.; attachment pages 1-2.)  Section 28 U.S.C. § 1367 provides that a district court may decline to exercise supplemental jurisdiction over state claims if, among other reasons, the "district court has dismissed all claims over which it had jurisdiction."[13]  Because the Court concludes that the only federal claims asserted must be dismissed, the Court, in the exercise of its discretion, finds that the remainder of the case should be dismissed without prejudice.

---

[13] See 28 U.S.C.A. § 1367(c)(3)(West 2006).

Therefore, all Plaintiff's claims asserted through 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE under authority of 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii).

All of Plaintiff's remaining state-law claims are DISMISSED WITHOUT PREJUDICE.

SIGNED February 8, 2010.

                                        TERRY R. MEANS
                                        UNITED STATES DISTRICT JUDGE